UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HORACE W. CRUMP,

    Plaintiff,

v.

Case No. 2:11-cv-45
HON. R. ALLAN EDGAR

JIM ARMSTRONG, et al.,

    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff Horace W. Crump filed this lawsuit against several defendants who are employed by the Michigan Department of Corrections. Plaintiff alleged in his complaint that defendants actively prevented his attempt to exhaust a grievance. As a result, a pending case was dismissed for failure to exhaust grievance remedies. The court initially dismissed this claim as frivolous for failure to state a claim because the denial of grievances could not be the basis for an access to the courts claim. However, upon reconsideration of that opinion, the court reopened the case on this issue because plaintiff had alleged that he was denied the ability to exhaust his grievance and, as a result, a pending case was actually dismissed due to that improper denial. Defendants filed a motion for summary judgment which was denied by this court. Defendants now move to dismiss this action for failure to state a claim upon which relief may be granted.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

In the motion to dismiss, defendants assert that the complaint should be dismissed because plaintiff cannot assert an access to the court claim based upon the denial of a grievance. The court initially dismissed this case for that reason, but on July 26, 2011, the court granted plaintiff's motion for reconsideration. Essentially, defendants are arguing that the court erred in granting plaintiff's motion for reconsideration. The court explained in the order:

> Plaintiff states that the court erred in dismissing his complaint because he stated a nonfrivolous access to courts claim. In the underlying opinion, the court noted that if Plaintiff was attempting to assert an access to courts claim, such a claim lacked merit. The court stated that the exhaustion requirement only mandates exhaustion of available administrative remedies, *see* 42 U.S.C. § 1997e(a), and that if Plaintiff were improperly denied access to the grievance process,

> the process would be rendered unavailable, so that exhaustion would not be a prerequisite for initiation of a civil rights action. However, Plaintiff now asserts that Defendants' refusal to process his grievances resulted in the dismissal of a pending lawsuit. Although Plaintiff fails to specify the name or case number of the lawsuit allegedly dismissed, a search of the court's electronic docketing system reveals that *Crump v. Caruso, et al.*, No. 2:09-cv-194, asserted the claims raised in the grievances which were allegedly thwarted by Defendants in the instant case. In addition, Case Number 2:09-cv-194 was dismissed on August 23, 2010, for failure to exhaust administrative remedies. Therefore, Plaintiff's complaint appears to set forth a nonfrivolous access to courts claim.

Order, docket #16, at 1-2.

Finally, defendants argue that since plaintiff cannot establish an "actual injury," which is required for an access to the courts claim, defendants are entitled to qualified immunity. As the court has explained in the previous order the actual injury is the dismissal of the previous pending lawsuit. Plaintiff has satisfied the actual injury requirement.

In summary, in the opinion of the undersigned, Defendants' Motion for Dismissal (docket #49) should be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 30, 2013