UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HORACE W. CRUMP,

        Plaintiff,                    Case No. 2:11-cv-45

v.                                       Honorable R. Allan Edgar

JIM ARMSTRONG, et al.,

        Defendants.

_____/

**MEMORANDUM AND ORDER**

Plaintiff alleged in this suit that defendants actively prevented his attempt to exhaust a grievance. This case was initially dismissed for failure to state a claim upon which relief could be granted. Doc. No. 4, 5. Upon reconsideration of that opinion, the Court reopened the case. Doc. No. 16. In doing so, the Court stated the following:

> In the underlying opinion, the court noted that if Plaintiff was attempting to assert an access to courts claim, such a claim lacked merit. The court stated that the exhaustion requirement only mandates exhaustion of available administrative remedies, see 42 U.S.C. § 1997e(a), and that if Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, so that exhaustion would not be a prerequisite for initiation of a civil rights action. However, Plaintiff now asserts that Defendants' refusal to process his grievances resulted in the dismissal of a pending lawsuit. Although Plaintiff fails to specify the name or case number of the lawsuit allegedly dismissed, a search of the court's electronic docketing system reveals that *Crump v. Caruso, et al.*, No. 2:09-cv-194, asserted the claims raised in the grievances which were allegedly thwarted by Defendants in the instant case. In addition, Case Number 2:09-cv-194 was dismissed on August 23, 2010, for failure to exhaust

> administrative remedies. Therefore, Plaintiff's complaint appears to set forth a nonfrivolous access to courts claim.

Doc. No. 16, pp. ID 139-40. Defendants filed a motion for summary judgment, which the Court denied. Doc. No. 48. Defendants argued that Plaintiff's suit was barred by collateral estoppel. In rejecting that argument, the Court stated the following:

> Defendants recognize that the dismissal of the previous action was not on the merits, but for failure to exhaust grievance remedies. Moreover, the previous case involved a different cause of action. In this case, Plaintiff is asserting that the failure to properly process his grievances caused the dismissal of the previous case. Since the dismissal of the previous case was required before a denial of access to the courts cause of action could accrue, the court could not have decided the precise issue raised and litigated in this case. Moreover, the only issue previously decided was that Plaintiff failed to exhaust his claims in the prior case. That issue has no relevance to whether Plaintiff exhausted his claims in this case, and cannot be dispositive on whether these Defendants denied Plaintiff access to the court by intentionally failing to allow Plaintiff to exhaust his grievances within the boundaries of established procedures.

Doc. No. 48, pp. ID 308-09. Defendants then filed a motion to dismiss. Doc. No. 49. Magistrate Judge Greeley entered a Report and Recommendation (R&R) in which he recommended denying the motion to dismiss. Doc. No. 56. Defendants have filed objections to the R&R. Doc. No. 57. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In their objections, Defendants assert that, to the extent that Plaintiff argues that Defendants prevented him from filing grievances or ignored his grievances, he is alleging that the grievance process was unavailable to him. Such an allegation fails to state an

access to the courts claim. Defendants further assert that, to the extent that Plaintiff argues that his grievances were improperly rejected, in violation of prison policy, such allegations have already been found to lack merit in the prior case of *Crump v. Caruso*, 2:09-cv-194. In that case, Judge Bell found that Plaintiff had failed to properly exhaust, and the Sixth Circuit affirmed.

Plaintiff's complaint in this case alleges that he filed a grievance concerning his treatment as a Shi'a, KTF-08-03-386-20A. Doc. No. 1, p. ID 7. Plaintiff states that he submitted a step III grievance but never received a response, and that he later learned that his step III grievance was never logged by Defendants. *Id.* However, in Plaintiff's objection to Magistrate Judge Greeley's R&R in *Crump v. Caruso*, Plaintiff admitted that he did not file a Step III grievance on KTF 08-03-386-20A and stated that he felt that he did not need to do so because he was satisfied with the Step I and Step II responses. 2:09-cv-194, Doc. No. 85, p. ID 910. Judge Bell found that Plaintiff had failed to properly exhaust this issue. Plaintiff's inconsistent assertion in the present case appears to merely be an attempt to relitigate a previously decided exhaustion issue in *Crump v. Caruso*. Accordingly, such a claim fails to state a claim upon which relief can be granted.

Plaintiff's complaint further alleges that he filed grievances concerning his property that were improperly rejected as untimely and containing multiple issues. This issue was also addressed in *Crump v. Caruso*, where Magistrate Judge Greeley found that the grievances were properly rejected. 2:09-cv-194, Doc. No. 79, p. ID 866. Judge Bell found the same, and the Sixth Circuit affirmed the dismissal of Plaintiff's claims. Plaintiff's attempt to relitigate this previously decided exhaustion issue similarly fails, in this case, to state a claim upon which relief can be granted.

Finally, Plaintiff's complaint alleges that various defendants failed to process his grievances. To the extent that Plaintiff asserts that he was prevented from accessing the grievance process, such an argument fails to state an access to the courts claim. The exhaustion requirement only mandates exhaustion of available administrative remedies. See 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See also Wills v. Barber*, 2012 WL 3579650 (W.D. Mich. Aug. 16, 2012) (Maloney, C.J.).

The Court GRANTS Defendants' objections [Doc. No. 57]. The Court REJECTS Magistrate Judge Greeley's R&R [Doc. No. 56]. Defendants' motion to dismiss [Doc. No. 49] is GRANTED, and this case is DISMISSED WITH PREJUDICE.

SO ORDERED.


Dated:   9/27/2013         /s/ R. Allan Edgar
                           R. Allan Edgar
                           United States District Judge